DAVIS *v.* THE STATE, 6 Howard, 399.

### LARCENY.

It is competent for the circuit court, in all offenses, except those of a capital nature to take bail after conviction, to secure the appearance of the prisoner, to receive and abide the sentence of the law. The power to take bail in certain cases after conviction existed at common law.

Error to the circuit court of Hinds county.

At the November term, 1836, of the circuit court, an indictment was found against I. G. Davis for larceny; upon which he was tried and convicted. After conviction, the court admitted him to bail, taking his recognizance, with William Davis as his surety, conditioned that he would attend upon the court from day to day and abide by and perform the judgment of the court when rendered.

On the 26th November, 1836, the prisoner, I. G. Davis, upon being called, made default, forfeiture of his recognizance was taken, and judgment *nisi* rendered against said William Davis, his surety; and *scire facias* ordered to be issued. At January special term, 1838, *scire facias* was returned, served on William Davis, plaintiff in error, who demurred thereto, assigning but one cause of demurrer;—that the court had no power to admit the accused to bail after conviction and before judgment.

*Foute* for the plaintiff in error.

The statute regulating the taking of recognizances, clearly expresses that they shall be for the *appearance of the party charged, for trial,* or to *answer the charge;* and provides for the "continuance of them as other process," and that they shall remain in full force and effect until disposed of by the court, "without a renewal of the same."

The record shows that the appellant surrendered his principal, Isaac G. Davis, to the circuit court of Hinds county, in discharge of himself before trial; this surrender was accepted by the court; the principal ordered into custody of the sheriff, and he was therefore no longer in the custody of his bail. The *scire facias,* judgment, etc., in this case, against the appellant, cannot

therefore be based upon the first recognizance given.   2 Bay S. C. Rep. 34; 5 Cowen, 39.

The recognizance given after trial and conviction of the principal, Isaac G. Davis, is unauthorized by any statute in this state, and is void.   But if not void, and has been taken in pursuance of law, the proceedings thereon, by judgment *nisi*, *scire facias*, etc., as taken in this case, are without authority, and unsupported by the provisions of the statute.   How. & Hutch. 672, section 40.

The 6th error assigned is certainly well taken, the *scire facias* was joint against I. G. Davis, principal, and William Davis appellant, surety, and the sheriff made no return whatever as to said I. G. Davis.

*Freeman*, attorney general.

The principal question arising on the error assigned is, whether the court had power to take the recognizance on which the *scire facias* and judgment are founded.   The recognizance was taken after conviction of the crime of grand larceny, and is conditioned for the appearance of the principal, and that he will abide the judgment, etc.   This was forfeited, judgments *nisi* and final rendered, and execution issued.

The power exists in the circuit court, at common law, to admit the accused to bail, in all bailable cases, after conviction and before sentence: at least with the consent of the attorney general.   Chit. Crim. Law, 93; 4 Burrows Rep. 25; Rex v. Wilkes.

In the case at bar the state is prosecutor; no objection to granting the bail was made by the state; the district attorney stood by and permitted the bail to be granted.   This is equivalent to the common law consent of the attorney general.

The case cited from 2 Bay's S. C. Rep. does not alter the rule.   There the attorney general *resisted* the motion to bail; in this case both parties consented.   The case in 15 Mass. Rep. is not in point.   The case in 5 Cowen, 39, does not involve the issue in this case.   There the question was, whether the defendant was guilty of manslaughter or of murder; here the question is as to the power of the court to bail after conviction of grand larceny, until the court shall pronounce sentence.

With regard to the return of the *scire facias*, there was a separate judgment against both principal and surety, and a failure to return the *scire facias* as to one of the parties would not discharge the other.

DAVIS, J. :

The only question which this court can properly consider, is the one raised by the demurrer in the circuit court. Does (as is insisted by counsel) the 17th section of the 1st article of the constitution of the State of Mississippi, which declares that all persons, before conviction, shall be bailable by sufficient securities, except for capital cases, operate as an inhibition upon the powers of the circuit court to take bail from prisoners after conviction and before judgment? We think not. It is believed that that clause of the constitution was intended by its framers for the better security of the citizen against an improper exercise of discretion, with which the common law clothed the judges of the courts; and to take from them all discretion whatever before conviction, only when it becomes necessary to discriminate between capital and minor offenses; leaving the discretion of the judges to take bail after conviction and before judgment as it stood at common law. There was a great necessity for that provision of the constitution, originating in the fact that judges, under the common law, were in the daily practice of committing prisoners to jail for offenses less than capital.

It is insisted by the counsel for the plaintiff in error that the cases of the Commonwealth v. Trask, 15 Mass. R., 277; Ex-parte Taylor, 5 Cow., 39; State v. Conner, 2 Bay S. C. R., 38, settle the doctrine that, at common law, the power to bail after conviction did not exist, and that all discretion ceased on the part of the judges. After a very careful examination of those cases, we believe they do not warrant such a construction, but establish the very reverse of the proposition, so far as they are analogous to this case. The only point raised in the case of Trask, was in relation to the power of the court to allow bail to the prisoner before conviction, upon the facts presented by the testimony. The same question arose in the case of ex-parte

Taylor. It must, therefore, be true that they cannot be relied on to deprive the courts of the country of a power founded in justice, and intended, in many instances that may arise, to protect the citizens of the country from manifest oppression.

Conner's case is in all its features the same with the case now before the court, and must be conclusive in establishing the power of the court, to grant bail after conviction and before judgment, when, from any peculiar circumstances, the court may think justice requires its interposition. Conner was convicted; and before sentence was pronounced upon him, the attorney general moved the court to order him to jail. The application was resisted by the prisoner upon the grounds that he desired an appeal to the supreme court of the state. The prisoner's right to bail was fully considered by the court and refused. It was not denied in that case, however, even by the attorney general, but that the court possessed the power to grant bail after conviction, nor did the court so determine. But, on the contrary, the court determined that, in cases where the punishment was only fine and imprisonment, the court would exercise its discretion so far as to allow bail when the peculiar circumstances of the case would seem to justify it. While we admit the power of the judges to take bail after conviction, we think it should be exercised with great caution, and only in minor offenses, where the peculiar circumstances of the case render it necessary and proper.

In the case of Conner, the supreme court, to which an appeal was taken, after confirming the judgment of the circuit court, remarked, that they would take an opportunity of expressing their opinion in favor of the refusal of the circuit court to admit a defendant to bail after his conviction in a case so highly criminal, but admitted the necessity of the exercise of a sound discretionary power, even after conviction. The power of the court to admit to bail after conviction is nowhere denied in cases which are the legitimate subject of bail.

We think the court did right in overruling the demurrer in this case. The judgment must be affirmed.